IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | 4:04CR3078-1 |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | **TENTATIVE** |
| ) | **FINDINGS** |
| LAURA GUTIERREZ,   ) | |
| ) | |
| Defendant.   ) | |

      I am in receipt of the presentence investigation report and addendum in this case and the defendant's motion for departure.

      IT IS ORDERED that:

      (1)   The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

      (2)   The defendant's motion for a status conference (filing 123) is granted. The court and counsel conducted such a status conference in chambers on January 26,

1

2006.

(3)     The defendant's objection to lack of the safety-valve (filing 119) will be resolved at a 1.5 hour evidentiary hearing on March 3, 2006, starting at 12:00 noon.

(4)     The defendant's motion for downward departure and variance (filing 124) regarding family ties, mental and emotional problems and combination of factors will be resolved at hearing to be scheduled following resolution of the safety-valve issue.

(5)     The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(6)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(7)     Absent submission of the information required by paragraph 6 of this order, my tentative findings may become final.

(8)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

January 27, 2006.                    BY THE COURT:
                                     s/ *Richard G. Kopf*
                                     United States District Judge